682 So.2d 926 (1996)
Thomas W. GROTE, Mark Tauzin and Randy J. Landry, Plaintiffs-Appellees,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Defendant-Appellant.
No. 96-551.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
*927 Daniel C. Hughes, Lafayette, for Thomas W. Grote et al.
John Conway Miller, Baton Rouge, for Merrill Lynch, Pierce, Fenner & Smith, Inc.
Before WOODARD, DECUIR and PETERS, JJ.
DECUIR, Judge.
This is a suit by three former stockbroker employees of Merrill Lynch, Pierce, Fenner & Smith, Inc. asserting a claim for wages and penalties pursuant to La.R.S. 23:631 et seq. Merrill Lynch appeals from a trial court ruling denying exceptions of prematurity and no cause of action and finding that the parties did not have a valid agreement to arbitrate under La.R.S. 9:4201.

FACTS
Thomas Grote, Mark Tauzin and Randy Landry, in seeking employment with Merrill Lynch, each signed a "Uniform Application for Securities Industry Registration or Transfer," commonly referred to as a Form U-4. Within the Form U4 the applicant acknowledges the following:
5. I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions or by-laws of the organizations with which I register, as indicated in item 10 as may be amended from time to time.
As a result of this signing the plaintiffs became members of the National Association of Security Dealers (NASD). The NASD ManualCode of Arbitration Procedure Part 2, § 3708, Sec. 8(a) provides in pertinent part:
Any dispute, claim, or controversy eligible for submission under Part I of this Code between and/or among members or associated persons and/or certain others, arising in connection with the ... activities of such associated person(s), or arising out of the employment or termination of employment of such associated person(s) with such member, shall be arbitrated under this Code, at the instance of:
(1) a member against another member;
(2) a member against a person associated with a member or a person associated with a member against a member; and,
(3) a person associated with a member against a person associated with a member.
In addition, New York Stock Exchange Guide Rule 347 provides for arbitration of "[a]ny controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative.".
Sometime after their termination, plaintiffs filed suit in state district court seeking to recover wages and penalties which they claim are due from Merrill Lynch. Merrill Lynch filed exceptions of prematurity and no cause of action contending that plaintiffs' claims against Merrill Lynch arise out of their employment and are required to be arbitrated under the Rules and Constitution of the NYSE and NASD.
The district court rendered a written ruling denying the exceptions of prematurity and no cause of action and finding that Form U-4 did not constitute a valid agreement to arbitrate under La.R.S. 9:4201. The court found that the Form U-4 was merely an application and did not constitute a valid written agreement to arbitrate.

*928 DISCUSSION
Before reaching the defendant's specification of error we note that an appeal may be taken from an interlocutory judgment which may cause irreparable injury. La. Code Civ.P art.2083. This is such a judgment. "If the judgment of the trial court is erroneous and appellant has no recourse in this court the parties would be subjected to a trial in a forum which is without jurisdiction over the matter. Such would constitute irreparable injury." Rauscher Pierce Refsnes, Inc. v. Flatt, 93-1672 (La.App. 4 Cir. 2/11/94); 632 So.2d 807, 809.
Merrill Lynch contends the trial court erred in its interpretation of La.R.S. 9:4201 and its ruling that the Form U-4 was not a valid agreement to arbitrate controversies arising out of employment. We agree.
In Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) the court noted that:
The Arbitration Act [9 U.S.C.A. §§ 1 et seq.] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.
Likewise, in Southland Corp. v. Keating, 465 U.S. 1, 7-9, 104 S.Ct. 852, 856-57, 79 L.Ed.2d 1 (1984), the Supreme Court was concerned with a situation where the California State Supreme Court denied enforcement of an arbitration agreement on the basis that it was contrary to California law. In reversing the California State Supreme Court, the United States Supreme Court ruled as follows:
We are unwilling to attribute to Congress the intent, in drawing on the comprehensive powers of the Commerce Clause, to create a right to enforce an arbitration contract and yet make the right dependent for its enforcement on the particular forum in which it is asserted. And since the overwhelming proportion of all civil litigation in this country is in the state courts, we cannot believe Congress intended to limit the Arbitration Act to disputes subject only to federal-court jurisdiction. Such an interpretation would frustrate congressional intent to place "[a]n arbitration agreement ... upon the same footing as other contracts, where it belongs."
In creating a substantive rule applicable in state as well as federal courts, Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements. We hold that § 31512 of the California Franchise Investment Law violates the Supremacy Clause.
The judgment of the California Supreme Court denying enforcement of the arbitration agreement is reversed.
465 U.S. at 17, 104 S.Ct. at 860-861.
It is clear to us, as it was to our brethren on the fourth circuit, that as to issues of arbitrability, "even if some legitimate doubt could be hypothesized the Supreme Court requires resolution of the doubt in favor of arbitration." Rauscher, 632 So.2d 807 at 810.
Both 9 U.S.C.A. § 2 and La.R.S. 9:4201 contain the following language regarding arbitration agreements:
shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or at equity for the revocation of any contract.
In light of this parallel language, the obvious preemption of the field by Congress, and the absence of Louisiana jurisprudence interpreting Form U-4, we turn to federal jurisprudence to guide us.
Courts have routinely construed the Form U-4 arbitration provision to be an arbitration agreement binding on the employee broker. Henderson v. Tucker, 721 F.Supp. 24 (D.R.I. 1989); See also Ayres v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 538 F.2d 532 (3d Cir.), cert. denied, 429 U.S. 1010, 97 S.Ct. 542, 50 L.Ed.2d 619 (1976).
In McGinnis v. E.F. Hutton & Co., Inc., 812 F.2d 1011 (6th Cir.), cert. denied, 484 U.S. 824, 108 S.Ct. 87, 98 L.Ed.2d 49 (1987) a wrongful discharge claim of a non-broker who signed a Form U-4 was held arbitrable.
*929 In Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) plaintiff's age discrimination claim against his former employer was compelled to be arbitrated because of the arbitration provision in Form U-4.
Clearly, the federal courts have found that Form U-4 constitutes a valid arbitration agreement under the Arbitration Act. La. R.S. 9:4201 provides the same standard for validity, and the United States Supreme Court has made clear that doubt as to arbitrability is to be decided in favor of arbitration. Accordingly, the district court erred in ruling that Form U-4 did not constitute a valid arbitration agreement.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. It is hereby ordered and decreed that defendant's exception of prematurity is granted and the controversy is to be submitted to arbitration under the terms of the agreement.
REVERSED AND RENDERED.