## CROCHET EQUIPMENT COMPANY, INC.

v.

## THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF PHILLIPS, COLORADO.

### Civil Action No. 97–1140–B–M3.

United States District Court,
M.D. Louisiana.

Sept. 21, 1998.

---

William David Kiesel, Bernard F. Meroney, Shawn David Sentilles, R. Bennett Ford, Jr, Roy, Kiesel & Tucker, Baton Rouge, LA, for Crochet Equipment Co.

Davis Bradford Allgood, Gary, Hicks, Field, Landry & Bradford, Leon Gary, Jr., David Matthew Kerth, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Baton Rouge, LA, for Board of County Com'rs, of County of Phillips, Colo.

## RULING

POLOZOLA, Chief Judge.

This matter is before the Court on the defendant's motion to stay pending arbitration. For reasons which follow, the defendant's motion is GRANTED.

## FACTUAL HISTORY

On February 29, 1996, Crochet Equipment Company, Inc. ("Crochet"), a Louisiana corporation, entered into a contract with the Board of County Commissioners of the County of Phillips, Colorado ("the Board"), a political subdivision of the State of Colorado, to provide and install equipment for a waste incinerator in Phillips, Colorado. The contract provided that the incinerator had to receive an Air Quality Permit from the State of Colorado.[1]

The evidence reveals that the County of Phillips was planning to institute a recycling program before completion of the incinerator. The incinerator would thus handle only recycled materials. This is significant because a "scrubber"[2] would be required to meet Colorado's air permitting requirements if this incinerator would handle non-recycled materials. However, a permit would not be needed for recycled materials only.

The Board informed Crochet that it would not have a recycling program in Phillips County after the contract was entered into. The Board proposed several contract addendums relating to the installation of the scrubber unit, additional monitoring equipment,

---

1. Equipment Purchase Contract, ¶ 10.

2. The "scrubber" is a piece of equipment designed to clean certain contaminates from gasses created during operation of the incinerator.

and other work done by Crochet relating to the incinerator in March and September of 1997. Crochet did not agree to either of these addendums. Crochet did, however, design, manufacture, and test the scrubber and other equipment at issue.

Crochet brought this suit to recover payment for money it alleges is owed for work on the scrubber and related equipment which it claims was beyond the scope of the original contract.

The Board brought this motion to arbitrate based on the arbitration clause in the contract.[3] The Board argues that the work relating to the scrubber falls within the scope of the arbitration clause.

## LAW AND ANALYSIS

The issue before the Court is whether the arbitration clause in the contract covers Crochet's claim for payment for work performed relating to the scrubber equipment. The arbitration clause provides:

If the parties are unable to resolve a dispute hereunder, either party may serve upon the other a demand that the matter be arbitrated, in which case the dispute shall be resolved by arbitration conducted by three arbitrators in accordance with the commercial arbitration rules of the American Arbitration Association. The decision of the arbitrators shall be final.

■■■ Whether a dispute is subject to arbitration is determined by the existence of an arbitration clause that on its face appears broad enough to encompass the parties' claims.[4] The Fifth Circuit distinguishes between broad and narrow arbitration clauses.[5] If the clause is broad, the action should be stayed and the arbitrators will determine whether the dispute at issue is arbitrable. If, however, the clause is narrow, the court must first determine if the dispute at issue falls within the scope of the arbitration clause.[6] A presumption of arbitrability exists requiring that whenever the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration.[7] The weight of this presumption is heavy: arbitration should not be denied "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue."[8]

Crochet claims this work falls outside of the scope of the contract, and thus falls outside the scope of the arbitration agreement. Crochet bases this argument on the language of the arbitration clause. Crochet relies heavily on the phrase "a dispute hereunder", which it claims limits the issues subject to arbitration to strictly those matters contained in the contract. Crochet argues that the arbitration clause must be given a narrow construction due to the word "hereunder." Thus, Crochet claims that the clause does not cover additional work performed outside of the scope of the original contract. In support of its argument, Crochet relies on *Rochdale Village, Inc. v. Public Service Employees Union*, 605 F.2d 1290 (2d Cir.1979) and *Desktop Images, Inc. v. Ames*, 929 F.Supp. 1339 (D.Colo.1996). In these cases, "hereunder" and "thereunder" were found to be narrower in meaning than "arising out of or relating to." Crochet argues that the additional work falls outside of the four corners of the contract.

■■ The Court agrees with the Board's contention that the issues in dispute must be

---

3. Equipment Purchase Contract, ¶ 14.

4. *Mar–Len of Louisiana v. Parsons–Gilbane*, 773 F.2d 633, 635 (5th Cir.1985)(*citing Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 334, 338 (5th Cir.1984)).

5. *Pennzoil Exploration and Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir.1998).

6. *In Matter of Complaint of Hornbeck Offshore [1984] Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 754–55 (5th Cir.1993).

7. *Mar–Len of Louisiana*, 773 F.2d at 635 (*citing United Steelworkers of America v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960)).

8. *Mar–Len of Louisiana*, 773 F.2d at 636 (*quoting Wick v. Atlantic Marine, Inc.*, 605 F.2d 166, 168 (5th Cir.1979)).

arbitrated in accordance with the arbitration clause. The Board relies on *Goodwin v. Elkins & Co.*, 730 F.2d 99, 109–11 (3d Cir.), *cert denied*, 469 U.S. 831, 105 S.Ct. 118, 83 L.Ed.2d 61 (1984) and *H.S. Gregory v. Electro–Mechanical Corp.*, 83 F.3d 382, 386 (11th Cir.1996) for the proposition that "arising hereunder" is broad in sweep. Considering Congress' policy of encouraging arbitration and enforcing it whenever the issue is debatable, the Court agrees with *Goodwin* and *H.S. Gregory* that "hereunder" should not be read to restrict the applicability of the arbitration clause.

In the alternative, the Board argues that the contract does contemplate the installation of a scrubber, and, therefore, would be covered by the arbitration clause even if the Court gave the clause a narrow interpretation. The Board contends that the language in the contract concerning the incinerator being able to receive the proper permits from the State of Colorado [9] as well as provisions in the contract providing for extra work to be performed by Crochet place the issues in dispute directly within the arbitration clause. The contract provides that the Board may order changes in the type or quantity of equipment to be installed within the general scope of the agreement, provided that Crochet be entitled to "an equitable adjustment in the purchase price and/or the time allowed Seller for performance." [10] The Board further claims that Crochet's claims in this suit are based on this clause since the relief it seeks is an equitable adjustment in the purchase price.

The Court agrees with the Board that the claims at issue are covered by the contract, or at least present issues of interpretation of clauses within the contract. Thus, under *Explo, Inc. v. Southern Natural Gas Co.*, 788 F.2d 1096, 1098–99 (5th Cir.1986), the dispute would be subject to arbitration even if the arbitration clause is read narrowly. In *Explo, Inc.*, the Fifth Circuit held that "[w]hen the parties' dispute centers on the interpretation of a contract provision, the dispute falls under an arbitration clause even when the contract uses the narrower 'arises under' language rather than the broader 'arising out of' language." [11] Even if the Court accepts Crochet's argument that "hereunder" is to be construed narrowly as the Fifth Circuit construed "arising under" in *Explo, Inc.*, the Court still finds the arbitration clause covers the claims at issue.

Finally, the Court holds that Crochet's claims for interest on the construction loan which the Board promised to pay, the "bag breaker system" Crochet designed and implemented to test the incinerator, and the extra monitoring equipment purchased and installed by Crochet are subject to arbitration. These claims relate to the term of the contract which gives the Board the right to request extra work and for Crochet to receive an equitable adjustment in the purchase price.

## CONCLUSION

The issues before the Court regarding the alleged extra work performed by plaintiff are covered by the arbitration clause within the contract. In the alternative, the Court finds that the language of the arbitration clause is broad enough to include the dispute at issue even if it is beyond the scope of the original obligation.

Therefore:

IT IS ORDERED that the defendant's motion to stay pending arbitration be and it is hereby GRANTED. The Clerk shall administratively close this case pending further orders of the Court.

---

**9.** Equipment Purchase Contract, ¶ 9.

**10.** Equipment Purchase Contract, ¶ 15.

**11.** *Explo, Inc.*, 788 F.2d at 1098–99, *citing Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir.1983).