MOORE, J.
h Security Design Inc., d/b/a EO Integrated Systems (“EOI”), contests the denial of its dilatory exception of prematurity which asserted the arbitration clause in its subcontract with Securtec Inc. For the reasons expressed, we grant the writ and make it peremptory, sustain the exception of prematurity, and remand the case with instructions.

Procedural Background

In late 2003 the Bossier Parish Police Jury began a large project, initially $23.4 million, to renovate and expand the Bossier Parish Courthouse in Benton. The general contract was awarded to Walton Construction Co., which retained four subcontractors for various aspects of the project. One of the subcontractors was Sec-urtec Inc., which was to install a security system. Securtec sub-subcontracted with EOI to install security, card access and related systems for a contract price of $291,200.
As work progressed, the police jury approved numerous change orders and extensions, raising the general contract to $24.6 million, but the architect began reporting that some of the work did not meet specifications and much of it was substandard. The police jury stopped making progress payments in August 2007 and, by early 2008, subcontractor liens of nearly $1 million had been filed against the project.
The police jury filed suit in June 2008 against the general contractor, Walton, and the four subcontractors, including Sec-urtec. Alleging that much of the work was incorrect or incomplete and attaching a 30-page punch list of “Incomplete or Unacceptable Items” totaling $1.5 million, the police jury demanded a declaratory judgment setting out the parties’ 12respective rights, especially the police jury’s right to deductions from or reductions in the contract sum. As to Securtec, the police jury alleged that card access on the main entrance has never worked, numerous cards have been “dropped” from the database and cannot be reinstated, warranty service was not provided timely; Securtec’s labor and materials failed to comply with specifications; and attempts to remedy the defective work and materials had been unsuccessful.
A multiplicity of incidental actions ensued. The one giving rise to this writ application was Securtec’s November 2009 third party claim against EOI. Securtec alleged that “to the extent * * * that the security system failed to comply with the plans and specifications for the project then the responsibility for such failure lies with” EOI, and that EOI was liable for damages, costs of repair and failure of warranty. It further alleged that under ¶ 9 of the subcontract between itself and EOI, EOI was “obligated to indemnify Securtec for any and all damages[.]”
EOI responded with the dilatory exception of prematurity. It cited ¶ 12 of the subcontract, which provided in part:
Any controversy or claim between Sec-urtec, Inc. and the Subcontractor [EOI] arising out of or related to this Subcontract, or the breach thereof, shall be settled by arbitration, which shall be conducted in the same manner and under the same procedure as provided in the Agreement between the General Contractor and Securtec[.]
EOI argued that Louisiana law favors arbitration, La. R.S. 9:4201; ¶ 12 is a clear election of arbitration between the parties; *274 and litigation is premature until the matter is resolved by arbitration. Wied v. TRCM, LLC, 30,106 (La.App. 2 Cir. 7/24/97), 698 So.2d 685.
IsSecurtec opposed the exception, urging that the claim is not really between itself and EOI, but between the police jury and Securtec; EOI’s liability was for indemnity only. Further, because the third party claim against EOI “is so inextricably intertwined with the facts of the original demand brought by the parish, the object of a speedy resolution will not be served by enforcing the arbitration agreement in this instance.” Citing Preston v. Ferrer, 552 U.S. 346, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008), and Buckeye Check Cashing Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006), Securtec argued that an arbitration clause is severable from the rest of the contract. In the alternative, Securtec requested that the court only stay its third party claim, under R.S. 9:4202, rather than dismiss it.
The district court found that Securtec was merely seeking indemnification from EOI if it is found liable on the merits. “At this point in time there is no determination of liability as it relates to Securtec, and a person could only speculate whether or not Securtec would ever be liable to any other party in this proceeding.” Apparently finding no arbitrable issue, the court denied the exception. EOI took a writ which this court granted to docket.

Discussion

The positive law of Louisiana favors arbitration, and any doubt concerning the scope of arbitrable issues is resolved in favor of arbitration. Aguillard v. Auction Management Corp., 2004-2804 (La.6/29/05), 908 So.2d 1; Long v. Jeb Breithaupt Design Build, 44,002 (La.App. 2 Cir. 2/25/09), 4 So.3d 930. Specifically, La. R.S. 9:4201 provides:
|4A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
Louisiana’s favorable treatment of arbitration echoes the Federal Arbitration Act, 9 U.S.C. § 1, et seq., which embodies a liberal federal policy favoring arbitration agreements. Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); Aguillard v. Auction Management Corp., supra. Any doubt concerning the scope of arbitrable issues must be resolved in favor of arbitration. Aguillard v. Auction Management Corp., supra; Arkel Constructors Inc. v. Duplantier & Meric, Architects, 2006-1950 (La.App. 1 Cir. 7/25/07), 965 So.2d 455.
One of the primary reasons for the existence of arbitration agreements is to achieve streamlined proceedings and expeditious results. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc., 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); FIA Card Services v. Gibson, 43,131 (La.App. 2 Cir. 3/19/08), 978 So.2d 1230. However, it is of no moment that an arbitrable claim may be “intertwined” with other claims; an arbitrable claim must be referred to arbitration, “even where the result would be possibly inefficient maintenance of separate proceedings in different forums.” Dean Witter Reynolds v. Byrd, supra; Shroyer v. Foster, 2001-0385 (La.App. 1 Cir. 3/28/02), 814 So.2d 83.
The mere recitation of the applicable law exposes the error in Securtec’s argument and in the district court’s analysis. The fact that the | sthird party claim might be “inextricably intertwined” with *275 the facts of the original demand, and hence might be speculative, does not negate the arbitration clause of ¶ 12. Dean Witter Reynolds v. Byrd, supra; Shroyer v. Foster, supra. The court’s finding is legally erroneous and will be reversed.
EOI also argues that the district court erred in addressing only the portion of Securtee’s third party claim that sought indemnification, based on ¶ 9 of the subcontract dealing with personal injury indemnity, a provision with no apparent bearing on this action. Securtec’s claim, however, also included demands for breach of duty and breach of contract. Any question as to the scope of arbitrable issues must be resolved in favor of arbitration. Aguillard v. Auction Management Corp., supra; Arkel Constructors Inc. v. Duplantier & Meric, Architects, supra. The court was factually and legally in error to overlook these parts of the claim.
Finally, Securtec argues that given the posture of the case, this court should sever and strike the arbitration clause. In support, it cites Preston v. Ferrer, supra, and Buckeye Check Cashing v. Cardegna, supra. It also shows that ¶ 12 refers disputes between itself and EOI to arbitration “in the same manner and under the same procedure as provided in the Agreement between the General Contractor and Securtec,” and that the latter agreement contains no provision for arbitration. It concludes that because of this “confusion,” It 12 may be disregarded. We find this unpersuasive, noting that both the cited cases ultimately referred the disputes to arbitration, even though the arbitration clause may have been severable from the whole contract. (In Preston v. Ferrer, supra at fn. 4, the discussion of severability | fiappears limited to the particular contract in question.) Given the strong presumption in favor of arbitration, this court would be inclined to sever that portion of ¶ 12 referring to a nonexistent arbitration agreement between Securtec and Walton, not the portion that clearly elects arbitration between EOI and Sec-urtec. This argument lacks merit. The judgment denying the exception of prematurity and refusing to refer the claim to arbitration is vacated. The exception is sustained and the matter remanded to the district court for referral to arbitration.

Conclusion

For the reasons expressed, we grant the •writ and make it peremptory, sustain the exception of prematurity, and remand the case for further proceedings consistent with this opinion. All costs are to be paid by the respondent, Securtec.
WRIT GRANTED AND MADE PEREMPTORY; EXCEPTION OF PREMATURITY SUSTAINED; CASE REMANDED WITH INSTRUCTIONS.