WILLIAMS, Judge.
In this appeal, considered as a writ application, we are called upon to decide whether claimant s request for a monetary reconsideration was timely filed.
FACTS
Claimant Dyan F. Cole, was initially determined by the Agency to be ineligible for benefits for the benefit year beginning May 31, 1987 because her base period wages did not amount to at least one and one half times the wages paid to her in the calendar quarter in which her wages were the highest.[1] See LSA-R.S. 23:1600(5). Thereafter, the Administrator granted a monetary reconsideration pursuant to LSA-R.S. 23:1626(A).[2]
Upon reconsideration, the Agency determined that claimant was eligible for weekly benefits of $205.00 for a maximum benefit amount of $3,599.00. The notice of monetary consideration contained this information as well as the following statement: “If you do not agree with this reconsideration, you may file an appeal in person or by mail by 07-10-87.” The record indicates that this notice was mailed to claimant on June 26, 1987.
On October 29, 1987, over three months after the delay set forth in the notice, claimant filed another request for monetary redetermination alleging that the original reconsideration was reached through an improper application of the law. Claimant’s request, which was treated as an appeal, was dismissed on December 2, 1987 as an untimely appeal. The Louisiana Board of Review affirmed the dismissal on January 15, 1988.
Claimant then filed a petition for judicial review in Civil District Court for the Parish of Orleans. A judgment was rendered without reasons, annuling and setting aside the decision of the Board of Review and remanding the case to the Office of Employment Security for a review of claimant’s request for monetary reconsideration. *98 The Office of Employment Security appealed to this Court, alleging that the trial court erred in reversing the Board of Review’s dismissal of claimant’s appeal since it was filed untimely. Claimant then filed a motion to dismiss the appeal in this Court since the trial court’s judgment was an interlocutory judgment for which no irreparable injury was shown. For the reasons assigned, this Court issued an order decreeing that, although no appeal could be taken from the judgment of the district court, we would consider the appeal as a writ application.
APPEAL
An appeal in an unemployment compensation case may be taken from the district court to the circuit court of appeal in the same manner as is provided in civil cases. LSA-R.S. 23:1634(B). In the instant case, the judgment of the district court did not determine the merits of claimant’s case, but rather, only preliminary matters in the course of the action, reversing the Board’s dismissal of claimant’s action due to untimely appeal. Therefore, it was an interlocutory judgment. LSA-C. C.P. art. 1841. No appeal may be taken from an interlocutory judgment unless that judgment may cause irreparable injury. LSA-C.C.P. art. 2083. In this context, irreparable injury occurs if the error cannot as a practical matter be corrected on appeal. Herlitz Construction Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 n. 1 (La.1981). Furthermore, the nature and extent of the injury which may be suffered must appear from the proceedings themselves. Fruchtweig v. Southern Specialty Sales Co., 149 So.2d 623 (La.App. 4th Cir.1963).
Appellant in the instant case alleged that the judgment of the district court ordering a remand would cause irreparable injury to the administrative agencies of the Office of Employment Security because a hearing on the merits would be lengthy and costly; to the Administrator because a remand would jeopardize his responsibility to prudently administer unemployment compensation funds; and to the letter and spirit of Louisiana Employment Security Law because a remand would open a floodgate of claims involving untimely appeals for monetary reconsideration. We disagree.
Merely requiring the parties to undergo a trial on the merits does not constitute irreparable harm. Spencer v. United States Fidelity & Guaranty Co., 454 So.2d 340 (La.App. 4th Cir.1984) [Court dismissed an appeal from a judgment which denied an exception of prescription]. By analogy, requiring the parties to undergo an administrative hearing on the merits does not constitute irreparable harm. Moreover, the record does not show that the judgment of the district court would jeopardize the administration of funds or open a floodgate of claims. Without any showing of irreparable injury, appellant has no right to an appeal under LSA-C.C.P. art. 2083.
Nonetheless, a court of appeal may exercise its supervisory jurisdiction over district courts according to the discretion of the court. See Herlitz Construction Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d at 878. Accordingly, this Court is considering the appeal as a writ application.
Furthermore, the trial court’s reversal of the Board’s dismissal of claimant’s appeal was analogous to a denial of a peremptory exception of prescription. When the overruling of a peremptory exception is arguably incorrect, when reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictate that the merits of the application for writs be decided to avoid the waste of time and expense of a possibly useless future trial on the merits. Id. [Where the trial court denied defendant’s peremptory exception of no cause of action, and the court of appeal denied supervisory writs, the Supreme Court granted writs and remanded to the court of appeal for a decision on the merits]. Thus, we now turn to the merits.
TIMELINESS
In the instant case, claimant alleges that the delays for filing her appeal from *99 the redetermination did not run because she did not receive notice of her redetermi-nation expressly stating the duration of benefits in compliance with LSA-R.S. 23:1624.[3] The record shows that notice of the monetary redetermination was sent to claimant and included the dates of the benefit year, the weekly benefit amount, the maximum benefit amount, and the delay for appealing the redetermination. This notice, which was sufficient to reveal the duration of benefits, substantially complied with the requirements of LSA-R.S. 23:1624 and, therefore, constituted notice under the statute. Cf. Roseland Wirebound Box Co. v. Administrator, Division of Employment Security, 119 So.2d 142, 145 (La.App. 1st Cir.1960) [Court held that notice to the base period employer which listed the name of each claimant, the date the claim was filed, the weekly benefit amount, and the maximum benefit amount substantially complied with the requirements of LSA-R.S. 23:1624].[4]
A claimant has fifteen days after the date notice was mailed to file an appeal with the Appeals Tribunal. LSA-R.S. 24:1629. The record shows that the claimant did not file her request for reconsideration for over three months after notice was mailed. Accordingly, the district court erred in reversing the decision of the Board dismissing claimant’s appeal for reconsideration.
For the foregoing reasons, the judgment of the trial court is reversed.
REVERSED.
BARRY, J., dissents with reasons.

. In a consolidated case, No. 89-CA-0011, it was determined that claimant was ineligible for benefits during the same benefit year under the "double dip” provision of the law for her failure to earn wages equal to six times the weekly benefit amount since the beginning of the proceeding benefit year. See LSA-R.S. 23:1601(9). The issues raised therein are not before us.

. LSA-R.S. 23:1626(A) reads, in pertinent part:
The administrator may reconsider a monetary determination whenever he finds an error in computation or identity has occurred in connection therewith, ... but no redetermination shall be made after one year from the date of the original determination.

. LSA-R.S. 23:1624 reads, in pertinent part:
A determination of eligibility ... shall be made promptly and shall include a statement as to whether benefits are payable, the week with respect to which benefits shall commence, the weekly benefit amount payable and the maximum duration of benefits. Within thirty days of the date claim was filed notice of this monetary determination shah be delivered to the claimant....

. Subsequent amendments to § 1624 did not change the requirements under that statute concerning information listed in the monetary determination.