752 So.2d 825 (2000)
Frederick COLLINS
v.
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.
No. 99-C-1423.
Supreme Court of Louisiana.
January 19, 2000.
*826 Raymond Joseph Salassi, Jr., Mary Ellen Burggraf Jordan, Laurie Michele Chess, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans; Kenneth J. Pfaehler, Michael A. Schlanger, Sonnenschein, Nath & Rosenthal, Washington, DC; Walter W. Christy, Tracy Kern Hidalgo, Frilot, Partridge, Kohnke & Clements, New Orleans, Counsel for Applicant.
Dwan Singleton Hilferty, New Orleans, Counsel for Respondent.
MARCUS, Justice.[*]
Frederick Collins accepted a job with Prudential Insurance Company in 1989. On Friday May 4, 1995, his supervisor, Leo Beaulieu, terminated his employment. Collins was allowed to return on the following Monday to gather his personal belongings. On that same date, a memo was circulated to the office staff informing them of his termination. In that memo, statements were made regarding the termination which Collins interpreted as defamatory.
Collins filed suit against Prudential and Beaulieu for libel, defamation, and intentional infliction of emotional distress by virtue of the statements in the Monday memo. Relying on provisions in an agreement signed by Collins at the time of his employment, defendants filed a joint motion to compel arbitration. The trial judge granted the defendants' motion and stayed all proceedings pending the outcome of an arbitration to be instituted by the plaintiff.
Plaintiff appealed the order compelling arbitration, contending that his defamation claim did not fall within the scope of the *827 arbitration agreement, which he admitted was otherwise valid and enforceable. Defendants filed a motion to dismiss the appeal on the ground that the arbitration order was interlocutory and non-appealable. Alternatively, defendants argued that the trial judge was correct in ordering arbitration pursuant to the agreement signed by the plaintiff. The court of appeal reversed the judgment of the trial court, holding that the order compelling arbitration was subject to immediate appeal and that the dispute did not fall within the scope of the arbitration agreement.[1] It remanded the case for a trial on the merits. Upon application of defendants, we granted certiorari to consider the correctness of that decision.[2]
The issues before us for review are whether the district court order compelling arbitration was subject to an immediate appeal and, if so, whether the plaintiff's claims fall within the scope of the arbitration agreement.
In order to resolve the initial issue presented for our consideration, we deem it appropriate to first determine whether the arbitration agreement at issue is governed by the Federal Arbitration Act (9 U.S.C. §§ 1-16; hereinafter the "FAA") or by the Louisiana Arbitration Law (La. R.S. 9:4201-4217; hereinafter the "LAL"). The United States Supreme Court has made it clear that the substantive provisions of the Federal Arbitration Act preempt state law and govern all written arbitration agreements in contracts connected to transactions involving interstate commerce.[3] The FAA embodies a liberal federal policy favoring arbitration agreements. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Whether a claim is brought in state court or federal court, and whether a claim is based on state or federal law, courts must enforce arbitration agreements in contracts covered by the FAA, notwithstanding any state statutory or jurisprudential rules to the contrary. Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). Moreover, the phrase "involving commerce" has been interpreted as the functional equivalent of "affecting commerce." The Supreme Court has concluded that Congress intended to exercise its commerce powers to the fullest in legislating in favor of arbitration. Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995).
When plaintiff was employed with Prudential in 1989, he executed a "Uniform Application for Securities Industry Registration or Transfer," commonly known in the industry as a "Form U-4." By his execution of that form, plaintiff agreed to:
arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organization with which I register, as indicated in item 10....
and to
abide by, comply with, and adhere to all the provisions, conditions and covenants of the statutes, constitutions, certificates of incorporation, by-laws and rules and regulations of the ... organizations as they are and may be adopted, changed or amended from time to time....
Collins elected in Item 10 of the Form U-4 to register with the National Association of Securities Dealers (NASD). Section 10101 of the NASD Code, incorporated by reference in the Form U-4 agreement, further requires:
the arbitration of any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, or arising out of the *828 employment or termination of employment of associated persons(s) with any member.... (Emphasis added.)
The United States Supreme Court has treated arbitration provisions contained in "Uniform Application for Securities Industry Registration or Transfer" (Form U-4) agreements as governed by the FAA because they involve interstate commerce. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991); Perry v. Thomas, 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987). See also Thomas James Assoc., Inc. v. Jameson, 102 F.3d 60 (2nd Cir.1996); Williams v. Cigna Fin. Advisors, 56 F.3d 656 (5th Cir.1996).[4] Thus, we agree with Prudential that pursuant to the substantive directives of the FAA, any dispute covered by the arbitration agreement in the U-4 Form must be enforced. The district court in this case ordered arbitration, concluding that plaintiffs claims are covered by the Form U-4 arbitration agreement because they arose out of his employment or termination of employment. This finding was consistent with the mandate of the FAA to give effect to arbitration agreements.
The fact that the FAA governs the contract at issue as a matter of substantive law, however, does not necessarily mean that the FAA also governs the availability of a direct appeal in a state court proceeding. Some state courts considering this issue have concluded that once the FAA is found to apply to a contract, the FAA also governs the availability of an immediate appeal from an order compelling arbitration. Eure v. Cantrell Properties, Inc., 236 Ga.App. 427, 512 S.E.2d 323 (1999); Dakota Wesleyan Univ. v. HPG Int'l, Inc., 560 N.W.2d 921 (S.D.1997); Long v. Indus. Dev. Bd. of Town of Vincent, 619 So.2d 1387 (Ala.1993). Section 16 of the FAA sets forth a directive that orders denying arbitration may be immediately appealed, whereas orders compelling arbitration may not be the subject of an immediate appeal.[5] The statute embodies a very strong and clearly one-sided approach favoring arbitration.
Other state courts have concluded that the provisions of § 16 of the FAA governing the timing of appeals are procedural in nature and that states are free to follow their own procedural rules regarding *829 appeals, unless those rules undermine the goals and principles of the FAA. See, e.g., Southern Cal. Edison Co. v. Peabody W. Coal Co., 194 Ariz. 47, 977 P.2d 769 (1999); Berger Farms v. First Interstate Bank of Oregon, 148 Or.App. 33, 939 P.2d 64 (1997). We agree with the latter approach.[6]
La.Code Civ. P. art.2083 sets forth the general law on what matters may be appealed.[7] It provides in pertinent part that an appeal may be taken from any final judgment rendered in cases in which appeals are given by law and from interlocutory judgments which cause irreparable harm. La.Code Civ. P. art. 1841 defines a final judgment as one that determines the merits in whole or in part. A judgment that does not determine the merits but only preliminary matters is an interlocutory judgment.[8] In our view, the district judge's order compelling arbitration in this case was clearly not a final judgment; it did not dispose of the merits of the case in whole or in part. It constituted an interlocutory judgment which can be appealed only if it resulted in irreparable harm.[9] We conclude that it did not.
Irreparable injury exists in the context of La.Code Civ. P. art.2083 only where the error sought to be corrected on an appeal from the interlocutory judgment cannot, as a practical matter, be corrected on an appeal following a determination of the merits. Blanchard v. State Through Parks & Rec. Comm'n, 96-0053 (La.5/21/96), 673 So.2d 1000; Brown v. New Orleans Pub. Serv., Inc., 490 So.2d 271 (La.1986)(Lemmon, J., concurring). Whether a particular type of claim is properly within the scope of the parties' contractual agreement is a matter that can be reviewed on appeal after the conclusion of the arbitration. A party can move in district court to vacate an arbitration award (or, alternatively, can contest a motion to confirm an award) on certain enumerated grounds, including the ground that the arbitrators *830 have "exceeded their powers."[10] The ruling of the trial judge will then be subject to an appeal.[11] If it is determined that a dispute resolved by the arbitrators was not within the scope of the arbitration agreement, it can be remanded for a trial on the merits when the arbitration award is set aside. Thus, a party's right to a trial in court is not irretrievably lost, even if the district court errs in ordering arbitration in the first instance. For that reason, we cannot consider an order compelling arbitration as one that gives rise to irreparable injury.
Generally, requiring a party to go to trial does not constitute irreparable injury turning an otherwise interlocutory order into an appealable one. See, e.g., Fontenot v. Miss Cathie's Plantation, Inc., 634 So.2d 1380 (La.App. 3rd Cir. 1994); Fleniken v. Allbritton, 566 So.2d 1106 (La.App. 2nd Cir.1990); Cole v. Whitfield, 556 So.2d 96 (La.App. 4th Cir.1989); Woodruff & Munson v. Hartco, Inc., 534 So.2d 497 (La.App. 5th Cir.1988). For instance, an interlocutory order to take part in an administrative hearing does not constitute irreparable harm, even though it might later be found on appeal that the matter should have been resolved in a court of law. Cole, supra. Since arbitration is a substitute for trial, the same considerations apply.
Our decision that an interlocutory order compelling arbitration is not immediately appealable under Louisiana law is in harmony with the result that would have been reached had this matter been brought in federal court, where the federal procedural rules embodied in § 16 of the FAA would definitely have applied. Indeed, a different result (i.e., that an immediate appeal is available) arguably might obstruct the ends sought to be achieved by the FAA, which we have already concluded is controlling in this case as a matter of substantive law.[12] Were we to decide that orders compelling arbitration automatically give rise to irreparable injury permitting an immediate appeal, we would then have to decide whether our state law rule so frustrates federal policy that it must be deemed pre-empted. If so, under the Supremacy Clause of the United States Constitution, we could not apply our procedural law to defeat the purposes advanced by the FAA.[13] Since we do not find as a *831 matter of state law that an order compelling arbitration gives rise to irreparable injury, we need not address the tension between state and federal law that would otherwise confront us. Moreover, we are also mindful that a different resolution of the issue before us would result in the application of varying standards for appealability of arbitration orders depending on whether an action is filed in state or federal court, an outcome that would encourage forum shopping.[14]
Because we do not regard the interlocutory order compelling arbitration in this case as giving rise to irreparable injury, we conclude that the court of appeal should not have entertained plaintiff's appeal in this matter. For that reason, we must reverse the decision of the court of appeal that denied the defendants' motion to dismiss the appeal. Since plaintiff had no right to an immediate appeal, we do not reach the questions that were raised and decided by the court of appeal in the course of its improper exercise of appellate jurisdiction.
Our determination that an interlocutory judgment ordering arbitration is not subject to an immediate appeal, does not mean that an aggrieved party will never have an avenue for immediate relief.[15] In a case where the trial judge has committed a clear error in ordering arbitration, supervisory relief might be appropriate based upon the facts and circumstances of a particular case. However, in keeping with our policy favoring arbitration, such relief should be granted only sparingly.
Before a district court may compel arbitration, the trial judge must make two preliminary determinations. First, the trial judge must ensure that a valid arbitration agreement between the parties exists. Second, the judge must decide whether the dispute at issue falls within the scope of the agreement. State law principles govern the first question, which is not in dispute here. Plaintiff contests only the second determination and insists that his defamation claim is outside the scope of the arbitration agreement because, in his view, the Monday memo containing the allegedly defamatory statements about the reasons for his termination did not arise out of his termination.
Federal substantive law governs the interpretation of the scope of an admittedly valid arbitration agreement.[16] It is well settled that such agreements are to be given a liberal interpretation in favor of arbitration. As a matter of federal law, any doubts concerning the scope of arbitration should be resolved in favor of arbitration. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). That *832 being the case, the conclusion reached by the trial judge was certainly not unreasonable, even if it is later determined to have been incorrect as a matter of law on a later appeal, a matter as to which we express no opinion. Accordingly, we do not believe that this is an appropriate case to treat as an application for a grant of supervisory relief on the merits of the scope of the arbitration agreement.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The appeal taken by the plaintiff, Frederick Collins, is dismissed. The orders of the trial judge compelling arbitration and staying all actions in the instant proceedings pending the final results of an arbitration to be instituted by plaintiff are reinstated.
LEMMON, J., subscribed to the opinion and assigned additional reasons.
KIMBALL, J., concurs and assigns reasons.
JOHNSON, J., dissents and assigns reasons.
LEMMON, J., subscribing to the opinion and assigning additional reasons.
I agree that a judgment of the trial court compelling arbitration is interlocutory and therefore not appealable unless the asserted error is one that causes irreparable injury, meaning that the asserted error is one that, as a practical matter, cannot be corrected on appeal. The more difficult question is whether the reviewing court should have determined the merits of the arbitrability issue under its supervisory jurisdiction. I agree with the majority opinion on this procedural issue, with the following additional observations.
The test generally applied to determine whether or not a reviewing court should exercise supervisory jurisdiction is whether the asserted error causes irreparable injury which cannot, as a practical matter, be corrected on appeal.[1] However, I disagree to some extent with the intermediate appellate cases cited by the majority insofar as they stand for the proposition (not adopted by the majority) that a party's being required to go to trial (or to arbitration) is never irreparable injury.
When a party unsuccessfully raises an issue pre-trial by supervisory writs and is ultimately successful on the issue on appeal after trial on the merits, the party is literally injured irreparably because the party can never recover the time and expense of the litigation that could have been avoided if the reviewing court would have exercised supervisory jurisdiction and corrected the error prior to trial. However, a party's saving the time and expense of litigation generally is a risk of litigation that must yield to the normal orderly process of trial and appeal.
Nevertheless, there are some cases in which the reviewing court should recognize extraordinary circumstances and exercise supervisory jurisdiction to rule on an alleged error prior to trial in order to avoid unnecessary litigation. This court has instructed the intermediate appellate courts to consider and rule upon the merits of a supervisory writ, even if the alleged error can be corrected on appeal, when (1) an appellate reversal will terminate the litigation, (2) there is no dispute of fact to be resolved, and (3) the trial court decision appears to be incorrect. Herlitz Constr. Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). See also Southern California Edison Co. v. Peabody W. Coal Co., 194 Ariz. 47, 977 P.2d 769 (1999), which involved the arbitrability of a very complex case involving a $30 million dispute. The Arizona Supreme Court (in addition to rejecting the independent versus the embodied proceedings distinction used in the federal courts) ruled as follows:

*833 An order compelling arbitration is not a final judgment and is therefore not appealable under [Arizona procedural law.] A party may, however, request that the trial judge enter a final order or judgment under Rule 54(b).... If the trial judge makes such an order, it is appealable. If the trial judge refuses to make an order appealable, the aggrieved party may challenge that decision by special action. If the appellate court determines that the trial judge abused his or her discretion in refusing to include language of finality, the court should accept jurisdiction and consider the merits of the arbitrability issue.
977 P.2d at 776 (emphasis added).
In the present case, the party seeking to appeal could have sought a designation of the judgment as immediately appealable under La.Code Civ. Proc. art. 1915B (the Louisiana equivalent of Fed.R.Civ.P. 54(b)).[2] If the trial judge issues such an order, the judgment is appealable, as noted by the Arizona Supreme Court (although the appellate court also has the right to reverse such an order). However, if the judge refuses to issue such an order, the aggrieved party can challenge the ruling by application for supervisory writs (referred to as "special action" in Arizona), and if the reviewing court determines that the trial court abused its discretion in refusing to designate the judgment as immediately appealable, the reviewing court can exercise supervisory jurisdiction and order an appeal or otherwise consider the merits of the arbitrability issue.
In the present case, I believe that we should follow the general rule that the reviewing court may decline to exercise supervisory jurisdiction in an ordinary case when the judgment can be corrected on appeal, although the aggrieved party may be subjected to some loss of time and expense of unnecessary litigation if successful on appeal after trial.
KIMBALL, J., Concurring.
I agree with the result reached by the majority in this case. I write separately because I believe the majority omitted the initial step in determining whether an intentional tort falls within the scope of the arbitration agreement contained in the Form U-4. A claim "arises out of the employment or termination of employment," and is therefore arbitrable, when it involves "significant aspects of the employment relationship." Morgan v. Smith Barney, Harris Upham & Co., 729 F.2d 1163 (8th Cir.1984) (holding plaintiffs allegations that his superiors "scrounged up" complaints from his former customers and communicated them to several securities enforcement agencies, and misinformed customers that his broker's license had been suspended were arbitrable because they had a significant relationship to his employment, but employer's charge that plaintiff stole from his co-workers' desks was not arbitrable because no customers or securities agencies were implicated and no significant issue of plaintiffs job performance qua broker was implicated). Claims that involve significant aspects of the employment relationship are those claims for which resolution depends upon the evaluation of a party's performance as an employee or an employer during the time of the contractual relationship. See Fleck v. E.F. Hutton Group, Inc., 891 F.2d 1047 (2nd Cir.1989) (holding claim involving defendant's statements that plaintiff had lost his broker's license, was "basically a criminal," had been the subject of many customer complaints, and had been fired was arbitrable as they involved significant aspects of the employment relationship, but claim that plaintiff was a disbarred lawyer was not arbitrable because it was not relevant to his performance as a broker); Aspero v. Shearson American Express, Inc., 768 F.2d 106 (6th Cir.1985) *834 (holding broker's claim that her employer made false statements that she was fired for violating trading rules was arbitrable because resolution of the claim depended upon an evaluation of the broker's performance during employment). Because the instant claims involve significant aspects of the employment relationship such that their resolution depends upon the evaluation of plaintiff's performance as an employee during the time of the employment relationship, I believe they are arbitrable and, therefore, governed by the Federal Arbitration Act.
JOHNSON, J., Dissenting.
The issues raised in this case were recently addressed by the United States Supreme Court in Wright v. Universal Maritime Service Corp., 525 U.S. 70, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998). In Wright, the Court was required to determine whether an employee governed by a collective bargaining agreement ("CBA") could resolve a claim of employment discrimination under the Americans with Disabilities Act of 1990 ("ADA"), or whether he was required to use the arbitration procedures mandated by the CBA. The Court concluded that when an employee's claims arise out of a federal statute such as the ADA, the dispute concerns the interpretation of federal law, not the interpretation of the terms of the CBA. Wright, 119 S.Ct. at 396. To hold otherwise would be to extend the presumption of arbitrability "beyond the reach of the principal rationale" that justified it, such rationale being "that arbitrators are in a better position than courts to interpret the terms of a CBA." Id., 119 S.Ct. at 395. Thus, claims which ultimately concern the interpretation of federal law will not be presumed to be subject to arbitration under a CBA. Id., 119 S.Ct. at 396.
Likewise, claims which ultimately concern the interpretation of state law, such as defamation, libel, and intentional infliction of emotional distress, should not be presumed to be arbitrable. The arbitration agreement at hand is mandated by the National Association of Securities Dealers ("NASD") and it requires the arbitration of "any dispute, claim, or controversy arising out of or in connection with business of any member of the Association, or arising out of the employment or termination of employment of associated person(s) with any member...." Presumably, NASD arbitrators are in a better position to resolve disputes relating to the business of its members, as well as disputes relating to the employment or termination of employment of persons associated with the NASD. This is not to say that arbitration is mandated for every facet of the employment relationship. Such a broad interpretation would, in effect, close the door to judicial forums for persons associated with NASD. The Supreme Court has explained that the right to a federal judicial forum is of sufficient importance so as to be protected from a general contractual waiver in a CBA. Wright, 119 S.Ct. at 396-97. Without question, the right to a state judicial forum is of equal importance. Hence, some claims arising under specific state statutory provisions will fall outside the ambit of arbitration. In my opinion, such claims are better resolved by the courts, and the court of appeal was correct in concluding that this case fell outside the ambit of arbitration.
For these reasons, I respectfully dissent.
NOTES
[*] Victory, J., not on panel. Rule IV, Part 2, § 3.
[1] 98-1529 (La.App. 4th Cir. 2/24/99), 731 So.2d 385.
[2] 99-1423 (La.9/24/99); 747 So.2d 570.
[3] Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995).
[4] The Court in Gilmer also held that a Form U-4 application to register with a securities exchange is a contract with the exchange and not an employment contract excluded from FAA coverage under 9 U.S.C. § 1. Gilmer, 500 U.S. at 25 n. 2, 111 S.Ct. 1647. The employer of an employee executing a Form U-4 agreement has been held to be a third-party beneficiary of the agreement capable of enforcing the arbitration provisions contained therein. See, e.g., Stone v. Penn. Merchant Group, Ltd., 949 F.Supp. 316 (E.D.Pa.1996) and cases cited therein. The Form U-4 agreement in this case expressly declares an intent to benefit Prudential by providing for arbitration of disputes between the plaintiff and his firm.
[5] 9 U.S.C. § 16, added to the FAA in 1988, provides:

(a) An appeal may be taken from
(1) an order
(A) refusing a stay of any action under section 3 of this title,
(B) denying a petition under section 4 of this title to order arbitration to proceed,
(C) denying an application under section 206 of this title to compel arbitration,
(D) confirming or denying confirmation of an award or partial award, or
(E) modifying, correcting, or vacating an award;
(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
(3) a final decision with respect to an arbitration that is subject to this title.
(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order
(1) granting a stay of any action under section 3 of this title;
(2) directing arbitration to proceed under section 4 of this title;
(3) compelling arbitration under section 206 of this title; or
(4) refusing to enjoin an arbitration that is subject to this title.
[6] We note, for example, that the Federal Rules of Civil Procedure do not apply to state court proceedings, even where the substantive provision of the FAA apply. Southland Corp. v. Keating, 465 U.S. at 14 n. 10, 104 S.Ct. 852. Moreover, in Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989), the Court pointed out at n. 6 that while it had held §§ 1 and 2 of the FAA applicable in state courts, it had not squarely decided that §§ 3 and 4, which appear to address remedies in federal courts, also apply in state court proceedings. The Court noted that the FAA contains no express pre-emption provision indicating Congressional intent to occupy the entire field of arbitrationbut state law would be pre-empted if it actually conflicts with federal law and to the extent that it "stands as an obstacle to the accomplishment of and execution of the full purposes and objectives of Congress." Volt, 489 U.S. at 476, 109 S.Ct. 1248.
[7] Unlike the FAA, the LAL itself does not contain any provisions dealing with the availability of an immediate appeal from an order denying or compelling arbitration.
[8] Most courts addressing arguments about whether a judgment concerning arbitration is final or interlocutory distinguish between cases where the only issue before the court is a request to determine the availability of arbitration and cases where the court is asked to resolve other issues, such as the merits of the controversy. The first category of cases are often termed "independent proceedings" and judgments in such proceedings are considered final and appealable because nothing else is before the court. The second category of cases are termed "embedded proceedings" in which a party has asked for relief beyond an order compelling or prohibiting arbitration. Orders compelling arbitration in embedded proceedings are considered interlocutory and are not immediately appealable. See, e.g., F.C. Schaffer & Assoc. v. Demech Contractors, Ltd., 101 F.3d 40 (5th Cir.1996); Stedor Enters., Ltd. v. Armtex, Inc., 947 F.2d 727 (4th Cir.1991); Dakota Wesleyan Univ. v. HPG Int'l, Inc., 560 N.W.2d 921 (S.D.1997). This case clearly falls within the category of an "embedded proceeding."
[9] La.Code Civ. P. art. 2083. Plaintiff does not argue that the arbitration order was appealable under the provisions of La.Code Civ. P. art. 1915. It is clear from the record that the trial judge made no attempt to designate the order as a final judgment under art. 1915(B).
[10] La. R.S. 9:4210D.
[11] La. R.S. 9:4215. While the question is not before us, we note that the United States Supreme Court has addressed the standard of review under federal law for questions regarding the scope of arbitration when presented on appeal after an arbitration proceeding. The grounds for vacating an arbitration award under the FAA (9 U.S.C. § 10) are identical to the grounds listed under the LAL (La. R.S. 9:4210). Whether a dispute falls within the scope of an arbitration agreement can be presented initially to the arbitration panel. In the event of an adverse determination by the panel, the matter can be presented again after the arbitration is concluded through a motion to vacate the award. This type of attack constitutes a claim that the arbitrators have exceeded their powers by arbitrating a matter that the parties did not contractually agree to arbitrate. F.C. Schaffer & Assoc., Inc. v. Demech Contractors, Ltd., 101 F.3d 40, 43 (5th Cir.1996). An adverse ruling by the district court on a motion to vacate can then be appealed. The reviewing court should consider de novo issues of law concerning whether the dispute was within the scope of the arbitration agreement, unless the parties also clearly agreed that the issue of whether a dispute was arbitrable was subject to arbitration. The reviewing court should accept, where not clearly erroneous, findings of fact necessary to resolve the issue appealed. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). See also, Superpumper, Inc. v. Nerland Oil, Inc., 582 N.W.2d 647 (N.D.1998).
[12] See Filanto, S.p.A. v. Chilewich Int'l Corp., 984 F.2d 58 (2d Cir.1993); Stedor Enters., Ltd. v. Armtex, Inc., 947 F.2d 727 (4th Cir. 1991).
[13] U.S. Const. art. VI, cl. 2. In Southland Corp. v. Keating, supra, the Court reiterated that in creating a substantive rule applicable in state as well as federal courts, Congress intended to foreclose state legislation attempting to undercut the enforcement of arbitration agreements. 465 U.S. at 14, 104 S.Ct. 852.
[14] In Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984), the Court took into consideration, in reaching its conclusion that the FAA applies in state courts, a concern that a different result would reward forum shopping and give rise to possible different outcomes depending on whether the same dispute was brought in state or federal court.
[15] Most courts considering the issue have agreed that while there is no right of immediate appeal from an interlocutory order compelling arbitration, the aggrieved party can apply for supervisory relief. See, e.g., Southern Cal. Edison Co. v. Peabody W. Coal Co., 194 Ariz. 47, 977 P.2d 769 (1999); Long v. Indust. Devel. Board of Vincent, 619 So.2d 1387 (Ala.1993). And under federal law, 9 U.S.C. § 16 does not preclude an appeal from an interlocutory order authorized under 28 U.S.C. § 1292(b). Some states have a similar procedural rule permitting a state court judge to certify an otherwise interlocutory non-appealable arbitration order as appropriate for immediate review. In such cases, however, it is emphasized that such orders should not be entered routinely or as an accommodation to counsel. They should be reserved for the "infrequent harsh case" and refusal to issue such an order is reviewed only for abuse of discretion. Southern California Edison, supra, at 774.
[16] Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).
[1] Most of the confusion in this area arises because this is substantially the same test applied to determine whether an interlocutory judgment is appealable under La.Code Civ. Proc. art. 2083.
[2] Of course, the party could also have sought review through an application for supervisory writs.