CLARENCE E. McMANUS, Judge.
At issue in this case is whether an arbitration agreement is invalid. For the following reasons, we reverse the trial court and remand this matter for further proceedings.

FACTS AND PROCEDURAL HISTORY

In June 2000, plaintiff, Norma Jean Webb, consulted with defendant, Dr. Ham-id Massiha, a plastic surgeon. Prior to surgery, plaintiff signed an arbitration agreement given to her by Dr. Massiha’s office. In July 2000, defendant ostensibly cleared plaintiff for surgery through routine pre-operative screening. The plastic surgery was extensive and was performed at Doctor’s Hospital of Jefferson. A few days after surgery, plaintiff was admitted to the intensive care unit of Doctor’s Hospital for complications resulting from the surgery.
Subsequently, plaintiff filed a medical malpractice suit in Jefferson Parish against Dr. Massiha and Doctor’s Hospital. Pursuant to the arbitration agreement, the parties jointly agreed to arbitrate the matter and filed a joint motion to stay the proceedings pending arbitration. A copy of the agreement was attached to that 13motion. The trial court granted the motion to stay in October 2001. The parties corresponded back and forth and agreed upon an arbitrator.
In January 2002, Dr. Massiha filed a petition for declaratory judgment seeking to have the arbitration agreement declared invalid because it does not conform to the requirements of La. R.S. 9:423s.[1] Specifically, the agreement failed to inform plaintiff that she had the right to void the agreement within thirty days of its execution. Dr. Massiha contends that he desires to avoid future litigation as he fears plaintiff may try to invalidate the arbitra *850 tion agreement if she is displeased with the outcome of the arbitration. Plaintiff opposed the declaratory judgment arguing that they twice agreed to arbitrate, that La. R.S. 40:1299.47 allows arbitration in medical malpractice actions and that arbitration agreements are favored.
After a hearing, Judge Kernan Hand granted the petition for declaratory judgment finding the arbitration agreement invalid, relying on Ciaccio v. Cazayoux, 519 So.2d 799 (La.App. 1 Cir.1987). The Trial court’s reasons for judgment indicate it found use of the word “shall” by the legislature in La. R.S. 9:4235, (that an arbitration agreement “shall inform the patient in writing” of her right to void the agreement within thirty days of its execution) made the entire arbitration agreement null and void.
Plaintiff now appeals that judgment.

\ ¡DISCUSSION

Before a district court may compel arbitration, the trial judge must make two preliminary determinations. Collins v. Prudential Ins. Co. of America, 99-1423 (La.1/19/00), 752 So.2d 825. The trial judge must first ensure that a valid arbitration agreement between the parties exists. Id. Second, the judge must decide whether the dispute at issue falls within the scope of the agreement. Id. It is well settled that such agreements are to be given a liberal interpretation in favor of arbitration. Id. As a matter of law, any doubts concerning the scope of arbitration should be resolved in favor of arbitration. Id.
In this case the trial judge did not find a valid arbitration agreement existed. We now turn our attention to that finding. Generally, ordinary contract principles govern the question of who is bound by an arbitration agreement, and a party cannot be required to submit to arbitration any dispute that he has not agreed to submit. Ciaccio v. Cazayoux, 519 So.2d 799 (La.App. 1 Cir.1987). Analogizing this matter according to the law governing obligations, we note that La. Civ.Code art.2056 provides:
In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text.
A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party.
The trial court found that the arbitration agreement drafted by Dr. Massiha was invalid because it failed to comply with the requirements of La. R.S. 9:4235, in that the agreement did not inform plaintiff that she had the right to revoke the arbitration agreement within thirty days of its execution. In support, it relied on Ciaccio v. Cazayoux. We find that case is inappo-site to the case at hand. The plaintiff in Ciaccio sought to have the arbitration agreement invalidated. Further, |Bthe agreement in Ciaccio contained the language omitted from the instant agreement. Rather, our reading of that case lends credence to a result opposite of that reached by the trial court.
We point out that by the time the validity of this agreement became an issue, the thirty day revocation period passed and plaintiff did not choose to revoke the arbitration agreement. Rather, plaintiff took affirmative steps to substantially comply with the arbitration agreement. Moreover, once the thirty day time period elapsed, plaintiff became bound by the agreement and the general legal principles governing contractual obligations. Likewise, we find that defendant is also bound by the same principles and is not entitled to invalidate his own agreement by pointing out the inartful drafting thereof. The language omitted from the agreement was for plaintiffs protection and she chose *851 arbitration. Initially, defendant agreed to arbitration but for some reason changed his mind. We do not share defendant’s belief that plaintiff may later successfully attack the agreement after receiving an unfavorable arbitration award and, thus, get a second bite at the apple. Because of Louisiana’s strong public policy favoring arbitration, arbitration awards are presumed valid. American LifeCare, Inc. v. Wood, 02-1354 (La.App. 4 Cir. 8/28/02), 826 So.2d 646, 649. Errors of fact or law do not invalidate an award. Id.
Thus, we find that the trial court erred in granting the petition for declaratory judgment invalidating the arbitration agreement. Accordingly, we reverse that ruling and remand this matter for further proceedings.

CONCLUSION

Based on the foregoing, we reverse and remand this matter for further proceedings.
REVERSED AND REMANDED.

. La. R.S. 9:4235 provides:
Prior to obtaining a patient’s signature on an arbitration agreement, the medical or dental practitioner or medical institution shall inform the patient in writing that:
(1)the patient has the right to void the agreement within thirty days of execution thereof, and that
(2) if an act or acts of negligence and/or medical malpractice is committed prior to the revocation date the arbitration agreement shall be binding with respect to said act or acts, and that
(3) notification of revocation of the said arbitration agreement must be in writing and mailed by certified mail, return receipt requested.