NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-772

RICKY B. DAVIS

VERSUS

AUSTIN INDUSTRIES, INC. F/K/A AUSTIN INDUSTRIAL, INC.

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2002-88
HONORABLE R. RICHARD BRYANT, JR., DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

Peters, J., dissents and assigns written reasons.

AFFIRMED AS AMENDED;
APPEAL DISMISSED.

Kenneth Michael Wright
Ike A. Hobaugh
Wright & Moreno, L.L.C.
203 West Clarence Street
Lake Charles, LA 70601-9431
(337) 439-6930
Counsel for Plaintiff/Appellant:
    Ricky B. Davis

**John S. Bradford**
**Stockwell, Sievert, Viccellio,**
**Clements & Shaddock, L.L.P.**
**P. O. Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**Counsel for Defendant/Appellee:**
**Austin Industries, Inc.**

**Allen J. Mitchell, II**
**Mitchell & Blanco**
**One Lakeshore Dr., Suite 1135**
**Lake Charles, LA 70629**
**(337) 436-8686**
**Counsel for Defendant/Appellee:**
**Austin Industries, Inc.**

GREMILLION, Judge.

In this case, the plaintiff, Ricky B. Davis, appeals the judgment in favor of the defendant, Austin Industries, Inc., granting its exception of no right of action. For the following reasons, we affirm **as amended and dismiss the appeal.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Davis filed suit in January 2002, against his former employer, Austin, urging that he was discriminated against based on his age. Austin filed an exception of no right of action, prescription, and prematurity. Following a hearing in November 2004, the trial court rendered a written judgment in April 2005, dismissing Davis' suit. Davis now appeals.

At the hearing on the exceptions, Austin withdrew the exception of prescription. Davis testified that his former employer, IMC, was taken over by Austin. He said that Austin had all the employees come to a group meeting and that they were told if they did not sign the employment application they would be fired. He stated that he had "no choice" but to sign the application. However, he admitted that if he did not sign the agreement, he could have gone to work elsewhere. Submitted into evidence was Davis' signed employment application in which he provided an extensive work history. Two paragraphs before his signature is the following language:

> If employed, I agree that my employment is *at will*, which means it can be terminated with or without cause, and with or without notice, at any time by either Austin or me. I agree to be bound by and accept as a condition of employment the terms of Open Door, Austin's dispute resolution plan and rules, which are incorporated herein by reference. I understand that Open Door requires as its last step the binding arbitration of employment disputes regarding legally protected rights.

1

The "Open Door" dispute resolution pamphlet states:

> Austin Industries and its affiliated subsidiaries, including Austin Bridge & Road, Austin Commercial and Austin Industrial adopted Open Door effective June 1, 1996 as the exclusive means for resolving all workplace disputes including legally protected rights, such as sexual harassment or discrimination based on age, sex or race. That means if you accept or continue your employment with Austin after that date, you agree to waive your right to a trial in a court of law, and you agree instead to resolve all legal claims against Austin through Open Door instead of through the court system. Austin likewise waives its right to trial in a court of law and agrees to resolve such disputes through Open Door.
>
> . . . .
>
> Austin is an at-will employer. Open Door establishes a mandatory program for the resolution of disputes arising from or related to employment. Neither Austin nor Open Door guarantee employment or create a contract for the employment of any person on a permanent basis or for any period of time. You may leave Austin at any time for any reason. Likewise, your employment may be terminated by Austin at any time for any reason.

At the conclusion of the hearing, the trial court found that Davis was bound by the arbitration agreement and granted Austin's exception of no right of action.

## DISCUSSION

Pursuant to *Collins v. Prudential Insurance Company of America,* 99-1423 (La. 1/19/00), 752 So.2d 825, we find that Davis did not have the right to an immediate appeal and we, therefore, dismiss it as inappropriately before this court.[1]

The supreme court in *Collins* discussed the standard a trial court must utilize in determining whether it must compel arbitration:

1. The trial court must ensure that a valid arbitration agreement exists between the parties; and,

---

[1] An order compelling arbitration is not a final judgment. *Collins,* 752 So.2d 825. Rather, it is an interlocutory judgment which can be appealed only if it resulted in an irreparable harm. *Id.* Whether irreparable harm occurred is decided based on the facts and circumstances of each individual case. *Id.*

2.   The trial court must decide whether the dispute at issue
     falls within the scope of the agreement.

Only if the trial court "has committed a clear error in ordering arbitration, will supervisory relief be appropriate based on the facts and circumstances of a particular case." *Id.* at 831. The supreme court further stated that in keeping with its policy of favoring arbitration, relief from the court of appeal "should be granted only sparingly." *Id.*

First, there is no doubt that the dispute at issue falls within the scope of the agreement. Davis is alleging he was discriminated against based on his age, which the Open Door policy particularly addresses. Accordingly, the trial court committed no error in relation to that prong. Second, the trial court found that a valid arbitration agreement existed between the parties. We find no error in that finding. Davis signed an employment application agreeing that his employment was at-will and that he accepted the Open Door Policy as a condition of his employment. The trial court's conclusion is certainly not unreasonable. Accordingly, this case is not appropriately before us on the merits. However, we note that the trial court dismissed Davis' case on the basis of no right of action. The correct procedural device is the exception of prematurity. Accordingly, we amend the trial court's judgment to dismiss Davis' case on the basis of Austin's exception of prematurity. Davis' right of action has not yet abated.

### CONCLUSION

This appeal is dismissed. The order of the trial court dismissing Davis' suit is affirmed, however, based on an exception of prematurity. All costs of this appeal are assessed against the plaintiff-appellant, Ricky B. Davis.

**AFFIRMED AS AMENDED; APPEAL DISMISSED.**

3

This opinion is NOT DESIGNATED FOR PUBLICATION, Uniform Rules—Courts of Appeal, Rule 2-16.3.

COURT OF APPEAL, THIRD CIRCUIT
STATE OF LOUISIANA

RICKY B. DAVIS

VERSUS

AUSTIN INDUSTRIES, INC. F/K/A AUSTIN INDUSTRIAL, INC.

PETERS, J., dissenting.

The majority correctly concluded that the trial court erred in granting Austin's exception of no right of action. The function of that exception is to determine whether Mr. Davis belongs to a class of persons to whom the law grants the cause of action asserted in the suit. *Turner v. Busby*, 03-3444 (La. 9/9/04). Clearly Mr. Davis belongs to that class of persons. However, I find that the majority erred in recognizing an exception of prematurity and dismissing the matter on that basis. While that action might be an efficient means of disposing of the litigation, I find no legal authority for that action given the fact that the trial court has not acted on that exception.

In rendering its decision, the trial court specifically stated that "I'm not called upon to rule on prescription or prematurity at this time." Thus, the trial court did not find that Mr. Davis' claim was premature, but rather that he had no claim at all. Thus, the effect of the majority opinion is to consider an issue not yet ruled on by the trial court. *See* Uniform Rules—Courts of Appeal, Rule 1-3. Additionally, while La.Code Civ.P. art. 927(B) provides that the court of appeal may recognize certain exceptions on its own motion, the exception of prematurity is not one of those exceptions.

I would reverse the judgment and remand the matter to the trial court for further proceedings.