**BRIAN WASHINGTON**

**VERSUS**

**STATE FARM FIRE AND CASUALTY COMPANY, LYFT, AND DANIEL STEILBERG**

\*     NO. 2025-CA-0047

\*

    **COURT OF APPEAL**

\*     **FOURTH CIRCUIT**

\*     **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-11324, DIVISION "N-8"
Honorable Ethel Simms Julien
\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*

(Court composed of Judge Rachael D. Johnson, Judge Karen K. Herman, Judge Nakisha Ervin-Knott)


Brian Washington
2673 Madrid Street
New Orleans, LA 70122

     PRO SE PLAINTIFF/APPELLANT


Andrea L. Albert
Stephen J. Eckholdt
GALLOWAY JOHNSON TOMPKINS BURR & SMITH
Three Sanctuary Boulevard
Suite 301
Mandeville, LA 70471

     COUNSEL FOR DEFENDANT/APPELLEE


            **AFFIRMED**
            **JUNE 12, 2025**

RDJ
KKH
NEK

Pro se Appellant, Brian Washington (also known as Secret Washington and hereinafter referred to as "Ms. Washington"), appeals the district court's October 23, 2024 judgment granting State Farm Fire and Casualty Company ("State Farm") and Lyft, Inc.'s ("Lyft") (collectively, "Appellees") motion for contempt and dismissing Lyft with prejudice. Ms. Washington alleges that her claims were improperly dismissed because of a fraudulent notarization, misrepresentation of identity, and manipulated arbitration process. After reviewing the record, we affirm the district court's ruling.

## FACTS AND PROCEDURAL HISTORY

On or about December 14, 2021, Ms. Washington and her aunt were passengers in Daniel Steilberg's ("Mr. Steilberg") vehicle via a Lyft rideshare. While en route to their destination, Mr. Steilberg suddenly ended the trip and demanded that Ms. Washington and her aunt exit the vehicle. Ms. Washington alleges that while waiting to retrieve her belongings from the trunk, she was struck by the vehicle after Mr. Steilberg put the vehicle in drive. After her aunt complained about Ms. Washington being struck by the vehicle, Mr. Steilberg offered Ms. Washington and her aunt a ride back home. As Ms. Washington was

1

re-entering the vehicle, Mr. Steilberg drove off while the passenger door was open, causing the open car door to slam into her leg and body, resulting in damages and injuries. Ms. Washington filed suit on December 14, 2022 against State Farm, Lyft, and Mr. Steilberg.

On September 23, 2023, Lyft filed a motion to compel arbitration and stay proceedings, which was granted by the district court on March 5, 2024 ("March 5, 2024 Order"). After the district court granted Lyft's motion to compel arbitration and stay proceedings, Ms. Washington sent several emails harassing opposing counsel. These emails contained profane and offensive language, various sexual allegations, and photos of what she believed to be opposing counsels' addresses. In the interim, Ms. Washington failed to initiate arbitration. State Farm then filed a motion for temporary relief from stay to compel initiation of arbitration and for contempt and sanctions against Ms. Washington for the emails sent to opposing counsel. Included in this motion, State Farm requested that the district court limit contact between Ms. Washington and opposing counsel. The hearing on this motion was held on May 24, 2024, and the motion was granted in part and denied in part on June 14, 2024 ("June 14, 2024 Order"). The district court ordered Ms. Washington to complete all necessary paperwork and pay half of any required deposit associated with the arbitration within 90 days from the signing of the court's judgment. She was also ordered to refrain from telephone communication with the attorneys; and, she was limited to email communication about very specific litigation related matters.[1] Ms. Washington paid half the deposit for the

---

[1] The order specifically limited Ms. Washington to emails that (1) notify of retention of new counsel; (2) notify of the submission of Plaintiff's claims against Lyft, Inc. to arbitration and/or scheduling of arbitration; and (3) respond to e-mails as necessary to comply with and/or pursuant to the Rules for Louisiana District Courts and/or the Local Rules of the District Court of the

arbitration but continued to send harassing messages to opposing counsel outside of the parameters outlined in the district court order. Lyft also paid its half of the deposit to the arbitration firm.

The meeting with the arbitrator was initially scheduled for September 16, 2024. On September 9, 2024, Ms. Washington withdrew her deposit for the arbitration, claiming that she forfeited the deposit, that the arbitration contract was falsified, and that she never signed a contract or agreed to terms regarding an arbitration. As a result, the arbitration was cancelled. State Farm and Lyft filed a motion for contempt and dismissal citing Ms. Washington's failure to comply with the district court's March 5, 2024, and June 14, 2024 orders. The district court held a hearing on the motion for contempt and Lyft's dismissal on October 11, 2024 and granted the motion on October 23, 2024.

On appeal, Ms. Washington raises the following assignments of error: (1) the district court erred in dismissing the case with prejudice without considering the fraudulent notarization and misrepresentation; (2) the district court failed to recognize that the arbitration process was manipulated, rendering its enforcement unjust; (3) the dismissal violated Ms. Washington's due process rights by denying her a fair opportunity to present evidence; and (4) the district court's ruling constitutes a manifest injustice requiring reversal.

**STANDARD OF REVIEW**

The standard of review for a ruling on a motion to dismiss is the abuse of discretion and manifest error standard. *Jones v. Cisneros*, 20-0582, p. 3 (La. App. 4

---

Parish of Orleans, including, but not limited to, responding to State Farm's circulated Judgment under Rule 9.5 of the Rules for Louisiana District Courts.

Cir. 4/7/21), 315 So. 3d 959, 962 (citing *Liberty Bank and Tr. Co. v. Dapremont*, 07-0518, p. 3 (La. App. 4 Cir. 4/16/08), 984 So.2d 152, 154).

**DISCUSSION**

The first two assignments of error raised by Ms. Washington are not related to the October 11, 2024 judgment. Both assignments of error pertain to the district court's March 5, 2024 Order and the June 14, 2024 Order, which enforced Ms. Washington's compliance of the arbitration process. A decision granting a motion to compel arbitration is considered an interlocutory judgment and cannot be considered for appeal unless it would result in irreparable harm. *See Collins v. Prudential Ins. Co. of Am.*, 99-1423, pp. 5-6 (La. 1/19/00), 752 So. 2d 825, 829; La. C.C.P. art 2083. "Generally, requiring a party to go to trial does not constitute irreparable injury turning an otherwise interlocutory order into an appealable one." *Collins*, 99-1423, p. 7, 752 So. 2d at 830. Because arbitration is a substitute for trial, a ruling granting a motion to compel arbitration does not constitute irreparable harm. *Id*. at 8, 752 So. 2d at 830.

Ms. Washington could have raised these two assignments of error by filing a supervisory writ application with this Court, within 30 days of the notice of signing of judgment pursuant to Rules 4-2 and 4-3 Uniform Rules, Courts of Appeal. However, the record does not reflect that Ms. Washington filed a supervisory writ. This Court does have discretion to convert an appeal of an interlocutory judgment to a supervisory writ if it is filed within the thirty-day period allowed for filing of applications for supervisory review. *Glazer v. Glazer*, 23-0502, pp. 3-4 (La. App. 4 Cir. 4/3/24), 390 So. 3d 765, 768 (citing *Lirette v. Adams*, 22-0552, p. 15 (La. App. 4 Cir. 1/31/23) 382 So.3d 122, 132). Ms. Washington failed to file within the

4

thirty-day period for filing a supervisory writ, as such this Court cannot exercise its supervisory jurisdiction. As a result, these issues are not properly before this Court.

**Due Process**

Ms. Washington argues that she was not given a fair opportunity to present her case and that the district court dismissed her claims before she could present key evidence. As a result of this premature dismissal, she was deprived of procedural fairness, and the district court's judgment should be reversed. After review of the record, we find this argument is without merit.

Ms. Washington did not present any evidence to support her claim that her due process rights were violated. In her brief, she references *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) in support of her position that a litigant should have a fair opportunity to present their case. However, *Matthews* is not applicable to the case *sub judice*. In *Matthews*, the Supreme Court reviewed "whether the Due Process Clause of the Fifth Amendment requires that prior to the termination of Social Security disability benefit payments the recipient be afforded an opportunity for an evidentiary hearing." *Id*. at 323, 96 S.Ct. at 897. The Supreme Court ruled "that an evidentiary hearing [was] not required prior to the termination of disability benefits and that the present administrative procedures fully comport with due process." *Id*. at 349, 96 S.Ct. at 910. Ms. Washington's argument that her due process rights were violated in this case is not analogous to the denial of social security disability benefit payments in *Matthews*. Ms. Washington has provided no other support for her due process violation claim. Ms. Washington was afforded an opportunity to be heard at the compel hearing, the first sanction hearing, and the final contempt hearing prior to this appeal. As such, we find that this assignment of error it without merit.

5

**Manifest Injustice**

Lastly, Ms. Washington argues that because of the alleged fraud and retaliation involved in her case, the district court's dismissal constitutes manifest injustice. Ms. Washington's sole argument that the dismissal constituted manifest injustice is that the Appellees committed fraud and retaliation throughout the arbitration process. Ms. Washington cites *Burke v. Baton Rouge Metro. Airport*, 940 So. 2d 120, 124 (La. 2006) in support of her arguments. However, this case does not exist.[2] Further, the arbitration never took place because Ms. Washington withdrew her deposit and cancelled the arbitration before it began. With no supporting evidence and no arguments or case law to show that there was manifest injustice in the district court's judgement, we find Ms. Washington's argument without merit.

**DECREE**

For the foregoing reasons, we affirm the district court's October 23, 2024 judgment granting Appellees motion for contempt and dismissing Lyft in its entirety.

**AFFIRMED**

---

[2] It should be noted that a case exists with the same name as the one referenced by Ms. Washington, however it has a different citation and does not relate to the legal issue in the case *sub judice*. In *Burke v. Baton Rouge Metro Airport*, 97-0947 (La. App. 1 Cir. 5/15/98), 712 So. 2d 1028, the issue was whether the appointing authority's decision to suspend an Officer for five days without pay for leaving the Baton Rouge Metro Airport premises during his shift was not arbitrary and capricious. This clearly has no relation to the case *sub judice* as it does not determine whether a district court's decision should be reversed due to manifest injustice.