773 So.2d 255 (2000)
Catherine P. Alford, Wife of/and Robert S. ALFORD
v.
JOHNSON RICE & COMPANY, L.L.C.
No. 99-CA-3119.
Court of Appeal of Louisiana, Fourth Circuit.
November 15, 2000.
*256 Paolo J. Messina, Henry W. Kinney, Matthew M. Coman, Kinney & Ellinghausen, New Orleans, LA, Attorneys for Plaintiffs/Appellants.
Robert E. Kerrigan, Jr., Duris L. Holmes, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, LA, Attorneys for Defendants/Appellees.
Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, Sr., and Judge TERRI F. LOVE.
JONES, Judge.
Plaintiffs/ appellants Catherine and Robert Alford (the Alfords) appeal the trial courts grant of an exception of prematurity entered by the defendant/appellee, Johnson Rice and Company (Johnson Rice). The trial court found that Johnson Rice could enforce, as a named third party beneficiary, an arbitration clause included in a customer agreement drafted by Bear, Stearns Securities Corp. (Bear Stearns) and signed by the Alfords. We find as did the trial court that this case is premature and dismiss the appeal.

*257 Facts

The Alfords opened a stock brokerage account with Johnson and Rice, a small brokerage firm, and its employee-broker on July 23, 1997. On that date, the employee-broker sold stock that the Alfords had acquired outside of their relationship with Johnson Rice. After the account was opened, on July 28, 1997, the employee-broker asked the Alfords to execute two documents that were required by Bear Stearns, the company that actually executed the transactions for Johnson Rice.[1]
The first document upon which Bear Stearns required execution was titled a "trading Authorization Limited to Purchases and Sales of Securities, Commodities and Options." This document outlined the three-way relationship between the customer (the Alfords), the broker (Johnson Rice), and the clearing agent. The second document, titled "Customer Agreement," set forth the terms and conditions of future business transactions. The Alfords signed both documents as prepared.
Paragraph eight of the Customer Agreement, at the center of the case at hand, specifically stated:
8. CLEARANCE ACCOUNTS.

Bear, Stearns Corp. carriers your account(s) as clearing agent for your broker. Unless Bear, Stearns Securities Corp. receives from you prior written notice from the contrary, Bear, Stearns Securities Corp. may accept from such other broker, without any inquiry or investigation: (a) orders for the purchase or sale of securities and other property in your account(s) on margin or otherwise and (b) any other instructions concerning your account(s) or the property therein. You understand and agree that Bear Stearns shall have no responsibility or liability to you for any acts of omission of such broker and its employees or agents. You agree that your broker and its employees are third-party beneficiaries of this Agreement, and that the terms and conditions hereof, including the arbitration provision, (emphasis added) shall be applicable to all matters between or among any of you, your broker, and its employees, and Bear Stearns and its employees.
Paragraph 21 of the Customer Agreement goes on to provide in pertinent part (emphasis in original):
21. ARBITRATION
YOU AGREE, AND BY MAINTAINING AN ACCOUNT FOR YOU BEAR STEARNS AGREES, THAT STEARNS, ITS CONTROL PERSONS, PREDECESSORS, SUBSIDIARIES AND AFFILIATES AND ALL RESPECTIVE SUCCESSORS, ASSIGNS AND EMPLOYEES, WHETHER ARISING PRIOR TO, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION. ANY ARBITRATION UNDER THIS AGREEMENT SHALL BE HELD AT THE FACILITIES AND BEFORE AN ARBITRATION PANEL APPOINTED BY THE NEW YORK STOCK EXCHANGE, INC., OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. (AND ONLY BEFORE EXCHANGES OR ASSOCIATION). YOU MAY ELECT ONE OF THE FOREGOING FORUMS FOR ARBITRATION BUT IF YOU FAIL TO MAKE SUCH ELECTION BY MAIL OR TELEGRAM ADDRESSED TO BEAR, STEARNS SECURITIES CORP., 245 PARK AVENUE, NEW YORK, NEW YORK, 10167, ATTENTION CHIEF LEGAL OFFICER (OR ANY OTHER ADDRESS OF WHICH YOU ADVISED IN WRITING), BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST *258 FORM BEAR STEARNS TO MAKE SUCH ELECTION, THEN BEAR, STEARNS MAY MAKE SUCH ELECTION. FOR ANY ARBITRATION SOLELY BETWEEN YOU AND A BROKER FOR WHICH BEAR, STEARNS ACTS AS A CLEARING AGENT SUCH ELECTION SHALL BE MADE BY REGISTERED MAIL TO SUCH BROKER AT ITS PRINCIPAL PLACE OF BUSINESS. THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM, SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.
After the Alfords filed suit, Johnson Rice filed a declinatory exception of prematurity to invoke the arbitration provision of the Customer Agreement. On July 21, 1999 the District Court granted the exception finding that "Article 8 of the Customer Agreement provides that its terms and condition, including arbitration, shall be binding on the customer as to any dispute with his broker." The Alfords then moved for a new trial, which the trial court denied on September 8, 1999. This timely appeal follows.

Discussion
The Alfords argue on appeal that the agreement is unenforceable as to Johnson Rice because it was not a party to the original agreement with Bear Stearns, because the arbitration paragraph of the customer agreement does not refer to Johnson Rice specifically, and because Bear Stearns did not sign the agreement. Johnson Rice argues in opposition that paragraph 8 of the customer agreement clearly mandates that the introducing broker be covered by the subsequent arbitration paragraph and that arbitration agreements do not have to be signed.
In order to determine whether the District Court properly granted the exception of prematurity in this case, we must first determine whether the arbitration agreement at issue is governed by the Federal Arbitration Act, 9 U.S.C. Sec. 1-16 (the FAA) or by the Louisiana Arbitration Law, La. R.S. 9:4201-4217 (the LAL). Collins v. Prudential Insurance Co. of America, 99-1423 (La.1/19/00), 752 So.2d 825. "The substantive provisions of the FAA pre-empt state law and govern all written arbitration agreements in contracts connected to transactions involving interstate commerce." Id.
A contract involves interstate commerce when it affects commerce. Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). Agreements to transact in securities clearly involve interstate commerce. Mayaja, Inc. v. Bodkin, 803 F.2d 157, 160 (C.A.5Cir.1986).
Having determined the applicability of the FAA to the instant proceeding we note that under federal law, arbitration is favored. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In addition, written agreements to arbitrate do not have to be signed. Andrew Martin Marine Corp. v. Stork-Werkspoor Diesel B.V., 480 F.Supp. 1270 (E.D.La.1979); see also Collins v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 561 So.2d 952, 955 (La.App. 4th Cir.1990). The Alfords do not deny that they signed the Customer Agreement, thereby agreeing to its terms including the provision for arbitration. Therefore we find that it is binding on the parties.
Federal law has been invoked to allow introducing brokers to enforce customer agreements between the investor and the clearing broker where the introducing broker is named in that agreement. Ziegler v. Whale Securities Co., 786 F.Supp. 739, 743 (N.D.Ind.1992); see also Whisler v. H.J. Meyers & Co., 948 F.Supp. 798, 801 (N.D.Ill.1996). The customer agreement at issue here specifically states that the introducing "broker and its employees *259 are third-party beneficiaries of this Agreement, and that the terms and conditions hereof, including the arbitration provision, shall be applicable to all matters between or among any of you, your broker, and its employees, and Bear Stearns and its employees." Therefore, it is clear that Johnson Rice, as well as Bear Stearns, may enforce the arbitration agreement.
Because we find no error in the District Court's determination that this case is premature, we now consider whether this case constitutes a proper appeal. Louisiana law provides that an appeal may be taken from any final judgment rendered in cases in which appeals are given by law and from interlocutory judgments which cause irreparable harm. La. C.C.P. art. 2083. Cases in which a party has asked for relief beyond an order compelling or prohibiting arbitration are considered interlocutory and are not immediately appealable. Collins v. Prudential Insurance Company of America, 752 So.2d 825 (La.2000). In this case, the Alfords were clearly looking for relief beyond the enforcement of the arbitration provision; therefore we find that the judgment in this case to be interlocutory in nature.
Having determined the judgment to be interlocutory in nature, we note that irreparable injury exists in the context of interlocutory judgments only where the error cannot be corrected on appeal following a determination of the merits. Blanchard v. State Through Parks and Rec. Comm'n, 673 So.2d 1000 (La.5/21/96). A parties' right to a trial in court is not irretrievably lost, even it the district court errs in ordering arbitration in the first instance. Collins, 752 So.2d 825. For that reason, an order compelling arbitration does not give rise to irreparable injury.
We have held that this Court will not convert an interlocutory judgment to a supervisory writ for consideration on the merits, rather such cases are subject to dismissal. Jackson v. America's Favorite Chicken, 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060. Because we find that the District Court's ruling on the peremptory exception of prematurity constitutes an interlocutory judgment from which irreparable injury will not be incurred, we dismiss this appeal.
APPEAL DISMISSED.
NOTES
[1] It is customary in the securities industry for small introducing brokers, like Johnson Rice, to engage the services of a larger clearing house broker, like Bear Stearns, to process their customers' orders.