I JOAN BERNARD ARMSTRONG, Chief Judge.
This is a suit to recover investment losses. In January 2000, Michael Mullin deposited a sum of money into an account *667 with Iberia Bank. Thereafter, Mr. Mullin and his wife, the plaintiffs herein, decided to invest the funds with defendant, Iberia Financial Services, L.L.C., (Iberia) a wholly owned subsidiary of Iberia Bank. To that end, the Mullins met with defendant James Cross, an Iberia employee, to set up an investment account. After having met with Mr. Cross, the Mullins signed an investment account agreement with ProEquities, Inc., Iberia’s clearing broker. The investment made on behalf of the Mullins realized a significant loss and the Mullins filed a petition for damages against Iberia, Mr. Cross, and Mr. Cross’s supervisor, Vance Richard. Mr. Cross was not served and ProEquities, Inc. was not named as a defendant. The petition for damages alleges that the investments made by Mr. Cross were unsuitable and inappropriate given the Mullins’s specific instructions that they did not want the principal sum invested in a risky investment.
Although the investment account agreement contained an arbitration clause, the Mullins filed their petition for damages without first having submitted their claim to arbitration. In response to the petition, Iberia and Mr. Richard filed an 1 ¡.exception of prematurity and motions to dismiss or stay proceedings pending arbitration and to compel arbitration. The trial court maintained the exception and motions, dismissed the case without prejudice, and granted the Mullins the right to file an arbitration claim before the National Association of Securities Dealers, Inc.
The Mullins maintain that arbitration with Iberia and Mr. Richard is not mandatory because Iberia and its employees were not named in the agreement. They claim that only ProEquities is named in the agreement. Iberia and Mr. Richard contend that although they are not mentioned in the agreement by name, Iberia is included by reference in paragraph 3 of the agreement as a party because it is the “bank, or broker or other financial institution that opened the account.”
It is clear that the agreement contained a mandatory arbitration agreement. There are multiple references to the arbitration clause found in both the application and the agreement signed by the Mullins. The application includes the following statement directly above the Mullins’ signature line: “Notice: This document contains a pre-dispute arbitration clause, which appears on the reverse side at paragraphs 13 and 14.” Paragraphs 13 and 14 state, in bold print and all capital letters[1]:
13. ARBITRATION DISCLOSURES
* ARBITRATION IS FINAL, AND BINDING ON THE PARTIES.
*THE PARTIES ARE WAIVING THEIR RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO A JURY TRIAL.
‘PRE-ARBITRATION DISCOVERY IS GENERALLY MORE LIMITED THAN AND DIFFERENT FROM COURT PROCEEDINGS.
*THE ARBITRATORS’ AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING AND ANY PARTY’S RIGHT TO APPEAL OR TO SEEK *668 MODIFICATION OF RULINGS BY THE ARBITRATORS IS STRICTLY LIMITED.
| /THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.
14. AGREEMENT TO ARBITRATE CONTROVERSIES
IT IS AGREED THAT ANY CONTROVERSY BETWEEN U.S. ARISING OUT OF YOUR BUSINESS OR THIS AGREEMENT, SHALL BE SUBMITTED TO ARBITRATION CONDUCTED BEFORE THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. AND IN ACCORDANCE WITH ITS RULES.
[[Image here]]
The disclosure and acknowledgement form signed by the Mullins in connection with the agreement states in bold print and capital letters, “I AM AWARE THAT THE CUSTOMER AGREEMENT CONTAINS AN AGREEMENT TO ARBITRATE DISPUTES.”
The sole issue on appeal is whether Iberia and its employees are covered by the arbitration clause. The agreement defines “you” in paragraph 3 of the agreement:
“You” shall include the bank and broker or other financial institution which opened the account of the undersigned.
The Mullins argue that “you”, as contained in the general provisions of the agreement, cannot be interpreted to include Iberia and Mr. Richard. Because the word “you” was used throughout the contract with various meanings, they claim it was ambiguous and should not be interpreted to include Iberia.
We find that the agreement included Iberia and Mr. Richard as parties to the arbitration agreement, and that Iberia was the financial institution that opened the account pursuant to paragraph 3 of the agreement.
This Court addressed a similar issue in Alford, v. Johnson Rice & Company, L.L.C., 99-3119 (La.App. 4 Cir. 11/15/00), 773 So.2d 255. In that case, the Alfords opened a stock account with Johnson and Rice, a brokerage firm. Johnson [4and Rice engaged Bear Sterns Securities as the clearing broker to process the customers’ orders. As in the instant case, the Alfords’ arbitration agreement appeared on a Bear Sterns form and referred only to the “broker” or “affiliate” of Bear Sterns, but did not specifically name Johnson and Rice by name. Although Johnson and Rice were not named in and did not sign, we held that they were covered by the arbitration clause.
After a thorough review of the entire record, and in light of our holding in Alford, we conclude that the arbitration agreement was binding as to Iberia and Mr. Richard. Accordingly, we affirm the judgment of the trial court granting defendants’ exception of prematurity and dismissing the petition without prejudice.
AFFIRMED.

. The arbitration disclosures and agreement to arbitrate controversies are the only provisions of the agreement that appear in bold print capital letters.